UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES E. BIRCHFIELD
    Plaintiff,

vs.                       CASE NO. 8:13-CIV-258-T-EAK-MCR

CAROLYN W. COLVIN,
Commissioner of Social Security,
    Defendant.
_____/

## ORDER ADOPTING THE REPORT AND RECOMMENDATION

This cause is before the Court on the report and recommendation issued by Magistrate Judge Monte C. Richardson on September 20, 2013 (Doc. 17). The magistrate judge recommended that the Court affirm the decision of the Commissioner denying the plaintiff's claims for disability insurance benefits and social security income.

Pursuant to Rule 6.02, Rules of the United States District Court for the Middle District of Florida, the plaintiff timely filed objections to the report and recommendation (Doc. 18) and the defendant timely filed a response to the objections (Doc. 21).

## STANDARD OF REVIEW

A district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). When a party makes a timely and specific objection to a finding of fact in the report and recommendation, the district court conducts a *de novo* review of the record with respect to that factual issue. *Id.*; *U.S. v. Raddatz*, 447 U.S. 667, 673–674 (1980). *Jeffrey S. v. State Board of Education of State of Georgia*, 896 F.2d 507, 513

(11th Cir. 1990). The district court reviews the magistrate judge's legal conclusions *de novo*. *Cooper-Houston v. Southern Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994). The Court has reviewed the report and recommendation and made an independent review of the record. Upon due consideration, the Court concurs with the report and recommendation.

## **PLAINTIFF'S OBJECTIONS**

The plaintiff objects to the report and recommendation on three grounds: (1) that the plaintiff is per se disabled under medical listing 12.04 and/or 12.06; (2) that the Administrative Law Judge (ALJ) failed to properly weigh the medical opinion evidence; and (3) that the ALJ failed to properly evaluate the plaintiff's credibility.

The plaintiff's first objection springs from the second, and both lack merit. From its independent review of the transcript's medical opinion evidence and the ALJ's initial decision, this Court finds the respective import assigned to examining and non-examining sources both appropriate and supported by substantial evidence under the analytical approach prescribed in 20 C.F.R. Sections 404.1527 and 416.927 as well as Social Security Ruling 96–6P. The ALJ properly weighed the medical opinion evidence. As the plaintiff's contention that he is per se disabled, under Medical Listings 12.04 – Affective Disorder and/or 12.06 – Anxiety Related Disorder, 20 C.F.R. Pt. 404, Subpt. P, App. 1, depends on and results from his desired interpretation of the medical opinion evidence, it too must fail. Substantial evidence supports both the ALJ's construal of the medical opinion evidence and the conclusions drawn from it.

As the plaintiff points out on page 4 of the objections, the magistrate judge discusses non-examining consultant Dr. O'Neil's findings in conjunction with step three of the five-step sequential evaluation process, whereas the ALJ discussed Dr. O'Neil's report in step five of the

analysis. A district court's *de novo* review of an objection to a magistrate judge's report and recommendation focuses solely on the agency's decision, not the magistrate's reasoning. *Brown v. Commissioner of Social Sec.*, 2013 WL 1104738 **2–3 (M.D. Fla. Mar. 18, 2013) (citing *Baker v. Commission of Social Sec.*, 384 Fed. Appx. 893, 896 (11th Cir. 2010). The ALJ properly considered Dr. O'Neil's report in step five of the evaluation.

Finally, the plaintiff objects to the magistrate judge's conclusion that the ALJ properly evaluated the plaintiff's credibility. Credibility determinations remain the province of the ALJ. *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005). Substantial objective evidence exists in the record to support the ALJ's determination of the plaintiff's credibility. Accordingly, it is

**ORDERED** that the report and recommendation, September 20, 2013 (Doc. 17) be **adopted** and **incorporated by reference**; the objections are **overruled**; and the Court **affirms** the decision of the Commissioner denying the plaintiff's claims for disability insurance benefits and social security income. The Clerk of Court is directed to enter judgment for the defendant and against the plaintiff, to close the case and terminate any pending motions.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 26 day of February, 2014.

ELIZABETH A. KOVACHEVICH
United States District Judge

3

Copies to:
All parties and counsel of record
Assigned Magistrate Judge